UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROYAL BANK AMERICA a/k/a
ROYAL BANK PENNSYLVANIA,

    Plaintiff,

vs.                                                        Case No. 08-10689

JAMERSON JONES,                                HON. AVERN COHN

    Defendant.
_____/

## **ORDER OF DISMISSAL**

I.

Defendant Jamerson Jones, proceeding pro se, filed a paper styled "Notice of Removal," in which it appears he is attempting to remove a state court foreclosure action. Jones has been granted permission to proceed without payment of the filing fee.

For the reasons which follow, the Court shall dismiss the case as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

II.

The screening procedures established by § 1915 apply to cases filed by non-prisoners and prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(e)(2) allows the Court to dismiss a case at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

III.

The Court has read Jones' papers.  From what can be gleaned, Jones and Brenda Goodlaw owned property in the City of Detroit.  At some point in 2007, Royal Bank America commenced foreclosure/eviction proceedings in state court.  It appears that a judgment of possession was entered in favor of the bank in the 36th District Court for the County of Wayne.  Case No. 07-322075-LT.  Jones filed a pro se appeal to the Wayne County Circuit Court.  On February 8, 2008, a circuit judge dismissed the appeal for lack of merit.  Case No. 07-732213.  Jones provides the following description of the case: "I am suing Royal Bank for fraudulent bankruptcy claims, wrongful foreclosure and misapplication of my and government funds."  Jones cites 18 U.S.C. §655 (a criminal statute pertaining to theft, embezzlement, or misapplication by bank officer or employee) and 18 U.S.C. § 152 (a bankruptcy statute regarding the concealment of assets, false oaths and claims and bribery).

Although it appears that Jones is attempting to invoke the Court's federal question jurisdiction in citing the above statutory provisions.  Putting aside whether reliance on those statutes is sufficient to establish federal jurisdiction, this case is barred by the Rooker-Feldman doctrine.  Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460 U.S. at 486; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir.1996).  Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court.  28

U.S.C. § 1257; Feldman, 460 U.S. at 476.

A fair reading of the complaint reveals that this case is an impermissible attack of a state court judgment of eviction/foreclosure action. Because Jones is really seeking federal court review of a state court decision, the Rooker-Feldman doctrine precludes the exercise of federal jurisdiction. As such, the complaint fails to state a claim upon which relief may be granted. Jones' remedy, if any, lies in the state courts.

Accordingly, this case is DISMISSED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 21, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Jamerson Jones, 5261 Yorkshire Road, Detroit, MI 48224 on this date, February 21, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160